UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04 10608MLW

BAYBUTT CONSTRUCTION
CORPORATION,

    Plaintiff

v.

TOWN OF BOXFORD,

    Defendant

ANSWER AND COUNTERCLAIM

Now comes the defendant, Town of Boxford ("Town"), and makes answer to the allegations in the numbered paragraphs of the plaintiff's complaint as follows:

1. The Town admits that Baybutt is engaged in the business of general contracting and has an office in Keene, New Hampshire. The Town is without sufficient information to admit or deny the remaining allegations of paragraph 1.

2. The Town admits that it entered into a written contract with Baybutt for construction of a new Town Hall at the contract price stated, and says that said contract speaks for itself. The Town denies that said contract was entered into in April of 2002.

3. The Town admits that changes to the work of the contract were required during construction, but denies that the contract price was changed by the amount stated.

4. The Town admits that Baybutt performed or procured labor for the project and provided materials to the project, and submitted requisitions for progress payments. The Town denies the remaining allegations of paragraph 4.

5. The Town admits that Baybutt did not complete the work of the project within the time required by the parties' contract, and that there were certain delays as a result of changes to the contract work. The Town denies the remaining allegations of paragraph 5.

6. The Town admits that during the project Baybutt requested additional time to perform the work and additional compensation for certain work, and that the some of the requests related to changes to the contract work identified by the project architect. The Town states that the contract documents speak for themselves and admits that the project architect denied some of Baybutt's requests for additional time and additional compensation. The Town denies the remaining allegations of paragraph 6.

7. Denied.

8. The Town admits that Baybutt was authorized by the project architect to perform certain fire pump system work on a "time and materials" basis and that Baybutt submitted a requisition for fire pump system work. The Town admits that, to date, Baybutt has not been paid on its requisition, but denies that the requisition was submitted, or approved for payment, in accordance with the requirements of the contract documents, and therefore denies that payment is due.

9. The Town admits that the project has been substantially completed and that the Town began occupying the Town Hall on January 12, 2004.

10. The Town admits that Baybutt has invoiced the Town for so-called retainage, but denies that the Town is withholding $213,585.25 and denies the remaining allegations of paragraph 10.

11. Denied.

12. Denied.

## JURISDICTION AND VENUE

13. The Town admits that this action is within the jurisdiction of the District Court.

14. The Town admits that venue is proper in this district.

## COUNT I

15. The Town repeats and restates its answers to the allegations in paragraphs 1-14 as if fully set forth herein.

16. Denied.

17. Denied.

## COUNT II

18. The Town repeats and restates its answers to the allegations in paragraphs 1-17 as if fully set forth herein.

19. The Town admits only that the provisions of M.G.L. c. 30, §39F apply to the parties' agreement, and that the Town is the awarding authority for the Town Hall Building Project.

20. The Town states that the allegations in paragraph 20 constitute a conclusion of law to which no answer is required. The terms of Section 39F(1)(b) speak for themselves.

21. Denied.

22. The Town is without sufficient information to admit or deny the allegations in paragraph 22.

23. The Town admits that claims have been asserted against Baybutt's payment bond for the project. The Town is without sufficient information to admit or deny the remaining allegations of paragraph 23.

24. The Town denies that it has failed to comply with its statutory obligations under M.G.L. c. 30, §39F. The Town is without sufficient information to admit or deny the remaining allegations of paragraph 24.

## COUNT III

25. The Town repeats and restates its answers to the allegations in paragraphs 1-24 as if fully set forth herein.

26. The Town admits that Baybutt has performed or procured performance of certain work for the project for which it has not yet been paid, but denies that Baybutt's application for payment for such work has been submitted and approved for payment in accordance with the requirements of the contract documents, and therefore denies that payment is due. The Town denies the remaining allegations of Paragraph 26.

27. Paragraph 27 is a statement of opinion to which is no answer is required. To the extent that an answer is required, the Town denies that it has committed any unconscionable or unjust act.

## FIRST DEFENSE

The Town has paid Baybutt for all amounts that were properly submitted and approved under the contract, and, therefore, owes nothing to Baybutt.

## SECOND DEFENSE

Baybutt has failed to satisfy a condition precedent to recovery in that it has failed to establish compliance with all material terms and obligations of its contract with the Town.

## THIRD DEFENSE

Baybutt has failed to exhaust its administrative remedies under the contract.

## FOURTH DEFENSE

Baybutt has breached the contract for failing to complete the work of the contract and failing to correct deficient work performed under the contract; therefore, the Town owes Baybutt nothing.

## FIFTH DEFENSE

Baybutt has no standing to assert claims against the Town under M.G.L. c. 30, §39F on behalf of subcontractors to Baybutt.

## SIXTH DEFENSE

The complaint fails to state a claim upon which relief can be granted.

WHEREFORE, the Town requests that this Court dismiss the complaint and award the Town its costs of defense, including reasonable attorneys' fees.

## JURY DEMAND

The Town demands a trial by jury on all issues so triable.

## COUNTERCLAIM

1. The defendant, plaintiff-in-counterclaim, the Town of Boxford ("Town"), is a municipal corporation located in Essex County, Massachusetts with a principal place of business at Town Hall, 7A Spofford Road, Boxford, Massachusetts, 01921.

2. The plaintiff, defendant-in-counterclaim, Baybutt Construction Corporation ("Baybutt"), is, on information and belief, a New Hampshire corporation with a place of business at 25 Avon Street, Keene, New Hampshire 03431.

3. On or about May 22, 2002 the Town and Baybutt entered into a written contract ("Contract") under which Baybutt would perform and the Town would pay for the work of the project known as The New Boxford Town Hall (the "Project").

4. The Contract, as modified by change orders, required Baybutt to achieve substantial completion of the Project work no later than September 24, 2003.

5. The Contract provided for the assessment of liquidated damages against Baybutt in the amount of $1,000 per calendar day, for each day after the required substantial completion date that Baybutt had not achieved substantial completion of the Project work.

6. Baybutt did not achieve substantial completion of the Project work until January 12, 2004, 110 days beyond the date required by the Contract.

7. To date, Baybutt has not achieved final completion of the Project work.

## COUNT I

8. As a result of Baybutt's failure to achieve substantial completion of the Project work within the time required by the Contract, Baybutt breached the Contract.

9. As a result of Baybutt's breach of the Contract, Baybutt owes the Town liquidated damages in the amount of $110,000.

WHEREFORE, the Town demands judgment against Baybutt in the amount of $110,000.

## COUNT II

10. The Town repeats and realleges the allegations in paragraphs 1-7 as if fully set forth herein.

11. As a result of Baybutt's failure to substantially complete the Project work within the time required by the Contract, Baybutt breached the Contract.

12. As a result of Baybutt's breach of the Contract, the Town has been required to incur additional costs and expenses in connection with the Project, including professional services costs.

WHEREFORE, the Town demands judgment against Baybutt in an amount sufficient to compensate it for its additional costs and expenses for the Project, plus interest, costs and reasonable attorneys' fees.

### JURY DEMAND

The Town demands a trial by jury on all issues so triable.

TOWN OF BOXFORD

By its attorneys,

_____
David J. Doneski (BBO# 546991)
Richard T. Holland (BBO# 632661)
Kopelman and Paige, P.C.
 Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

219488/BOXF/0048

## CERTIFICATE OF SERVICE

I, David J. Doneski, hereby certify that on the below date, I served a copy of the foregoing Answer and Counterclaim, by first class mail, postage prepaid, to the following counsel of record:

> Frank P. Spinella, Jr., Esq.
> Hall, Morris, Anderson, Miller & Spinella, P.C.
> 14 Centre Street
> P.O. Box 2289
> Concord, NH 03302-2289

Dated: 4/28/04

David J. Doneski

219488/BOXF/0048