UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.
04-10608-LPC

BAYBUTT CONSTRUCTION CORP.

Plaintiff

v.

TOWN OF BOXFORD

Defendant

REPORT AND RECOMMENDATION WITH RESPECT
TO THE REFERENCE OF THIS CASE

September 17, 2004

COHEN, M.J.

    This civil case was filed on or about March 29, 2004.  After issue was joined, the district judge to whom this case was then assigned, on or about June 16, 2004, entered a Memorandum and Order (# 07), the terms of which indicated that this case would be assigned to this court for all purposes, including trial and entry of judgment, pursuant to the provisions of 28 U.S.C. § 636(c) and Rule 4(c) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, unless one or more of the parties, on or before July 7, 2004, indicated an option not to

have this case reassigned to a magistrate judge. None of the parties filed a response to that Memorandum and Order and, accordingly, the case was reassigned to this court for all purposes on July 26, 2004. See Order of Reference (# 08).

Upon receipt of that order of reference, this court scheduled a Rule 16(b) conference. At the Rule 16(b) conference held on September 9, 2004, given the proposed discovery schedule, which included an indication that the parties would be prepared for trial in July 2005, but not before July 2005, this court advised counsel that the undersigned will have retired before that anticipated trial date[1], and, in all likelihood, the trial would be conducted by the successor to the undersigned.[2] One or more counsel then indicated that they chose to consent - *i.e.*, chose not to object to an order of reference for all purposes - based on conversations that they had with their respective clients, which said conversations included the fact that the case would be tried by the undersigned.[3] In light of that, this court, at the Rule 16(b) Scheduling Conference, directed counsel to again confer with their respective clients and report to this court, in a letter addressed to chambers and not to be docketed, their respective client's positions *vis a vis* trial before another, yet to be identified, magistrate judge.

One or more counsel reported back that the previous consent was based, in

---

[1] The undersigned has formally advised the Chief Judge of this court and others that he would retire effective January 31, 2005.

[2] There has been no formal decision as of this date concerning, upon retirement of the undersigned, the disposition of cases referred and assigned to this court. If some twenty-nine years of past is prologue, however, this court assumes that those case will be reassigned and referred to the successor of the undersigned.

[3] Some three months before the Memorandum and Order (# 07) referred to above was issued, the electronic docket, accessible to all counsel *via* Pacer, indicated that the undersigned would be the magistrate judge to whom future references and/or assignments would be made.

part, on the assumption that the case, if tried, would be tried by the undersigned. One or more counsel further reported that, after reporting these changed circumstances to their respective clients and consultation therewith, their respective clients sought that continuation of this case before a magistrate judge "not be automatic", but that the parties be provided an opportunity to consent, or not consent, as the case may be, after counsel and the parties are aware of the identity of the magistrate judge to whom this case would be assigned upon consent of the parties.

This court accordingly recommends that the district judge to whom this case is assigned withdraw the reference for all proceedings under the provisions of 28 U.S.C. § 636(c) and Rule 4(c) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts,[4] with the view of providing the parties the opportunity to consent or not consent, as the case may be, once the identity of the magistrate judge to whom this case would be assigned upon consent of the parties after January 31, 2005, is known to counsel and the parties.

This court so recommends.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] Rule 4(c)(5) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts authorizes a withdrawal of a reference under Rule 4(c): "The district court may, for good cause, on its own initiative or under extraordinary circumstances shown by any party, vacate a referral of a civil matter to a magistrate judge under this subsection. "

The matter would remain referred, of course, to this court for pretrial proceedings consistent with the provisions of Rule 2(a) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts for pretrial proceedings.