UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*
Baybutt Construction Corporation    \*
\*
v.    \*   Docket No. 04-10608-MLW
\*
Town of Boxford    \*
\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR PARTIAL SUMMARY JUDGMENT

Baybutt Construction Corporation ("Baybutt") provides this Memorandum to set forth the applicable law regarding enforceability of a liquidated damages clause where, as here, the Owner or its agent is responsible, at least in part, for the delay for which the Owner seeks liquidated damages.

The standard for summary judgment is familiar, recently described in <u>Burke v. Town of Walpole</u>, ___ F.3d ___, 2005 U.S. App. LEXIS 7105 (1st Cir., April 26, 2005):

> Viewing the record "in the light most hospitable to the party opposing summary judgment [and] indulging all reasonable inferences in that party's favor," <u>Griggs-Ryan v. Smith</u>, 904 F.2d 112, 115 (1st Cir. 1990), we must discern whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(c). "In this context, 'genuine' means that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party; 'material' means that the fact is one 'that might affect the outcome of the suit under the governing law.'" <u>United States v. One Parcel of Real Prop.</u>, 960 F.2d 200, 204 (1st Cir. 1992) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986) (citation omitted)).
>
> Where the moving parties -- here, the defendants -- do not have the burden

of persuasion at trial and have "suggested that competent evidence to prove the case is lacking, the burden devolves upon the nonmovant-plaintiff to 'document some factual disagreement sufficient to deflect brevis disposition.'" Wynne v. Tufts Univ. Sch. of Med., 976 F.2d 791, 794 (1st Cir. 1992) (quoting Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991)). A non-moving party may not successfully defend against summary judgment where the evidence relied upon "is merely colorable or is not significantly probative." Anderson, 477 U.S. at 249-50 (citation omitted). We thus ignore any "conclusory allegations, improbable inferences, and unsupported speculation." Roche v. John Hancock Mutual Life Ins. Co., 81 F.3d 249 (1st Cir. 1996) (citation omitted).

The facts on which Baybutt's Motion is premised are set forth in the accompanying Statement of Material Facts Not in Dispute. Simply put, the Town's agent designed a fire suppression pump that did not fit in the room to be created for it; Baybutt's work was delayed as a result, and it did not meet the targeted substantial completion date – and the Town now wants $110,000 in liquidated damages for 110 days of delay, despite *conceding* that the fire suppression pump design error caused a delay.

The general rule applicable to our facts is well stated in 13 Corbin on Contracts § 68.7 at 240 (rev. ed. 2003): "A contractor's promise to pay liquidated damages for delay in completion is unenforceable if the delay was caused by the owner or by the joint fault of the contractor and the owner." Massachusetts has adopted this rule. Peabody N.E., Inc. v. Town of Marshfield, 426 Mass. 436, 689 N.E.2d 774, 780-81 (1998) ("where both the plaintiff (contractor) and the defendant (owner) were to blame for the plaintiff's delayed completion of the project, the defendant was not entitled to liquidated damages.").

Thus, to recover any liquidated damages here, Boxford must be free of fault for any portion of the delay, including fault attributed to its Architect, J. Stewart Roberts Associates ("JSA").[1] In this case, the Town has acknowledged the Architect's errors, with respect to design of a fire suppression system. The Town has likewise acknowledged that this caused some delay to Baybutt. These facts are dispositive.

In Peabody N.E., the contractor was to complete its work by January 27, 1991 (although the contractor could request an extension of this deadline for cause), and the parties' contract stipulated that $400 per day of liquidated damages would be due for each day after January 27, 1991 that the work remained incomplete. 689 N.E.2d at 777. A delay was occasioned when the Town's designer, an engineering firm known as Metcalfe & Eddy, rejected the contractor's proposed sewer pump because it "was too tall and contained a platform for which there was no space or facility. These requirements, however, were not included in the original contract or project specifications." Id. The Master found that the Town's rejection of this pump "constituted a constructive change to the drawings and specifications portion of the contract" which "contributed to the delay of the project." In affirming, the SJC stated, 689 N.E.2d at 780-81:

> Liquidated damages are inappropriate here. This Court has held that, where both the plaintiff (contractor) and the defendant (owner) were to blame for the plaintiff's delayed completion of a project, the defendant was not

---

[1] Baybutt alerts the Court that there is an unsettled question of Massachusetts law concerning the burden of proof here. Is it the Town, as part of its burden of proving entitlement to liquidated damages, which must prove its own freedom from contributory fault? Or, is it Baybutt which, as an affirmative defense, must prove that contributory fault on the part of the Town or its agents? Baybutt has been unable to unearth any case definitively answering this question. However, here the allocation of the burden of proof should not matter, because *the Town has conceded its agent's error, and conceded that that error has contributed to delay.*

entitled to liquidated damages. Morgan v. Burlington, 316 Mass. 418, 55 N.E.2d 758 (1944). As previously noted, the plaintiff and the Town in the present case were independently culpable for the delay in substantial completion until August 30, 1991… see 5 S.Williston, Contracts § 789 at 764 (3d Ed. 1961). "Where both parties are at fault a party who has contributed to the breach cannot recover a sum stipulated as liquidated damages, even though performance of the contract is continued, and the other party thereafter is at fault."

Our case is an even better one for application of this rule. The fire suppression pump in our case was not suggested by the contractor and wrongly rejected by the designer; it was actually designed wrong by the designer in the first instance! On the strength of Peabody N.E., liquidated damages should not be awarded here.[2]

Accordingly, Baybutt is entitled to summary judgment on the Town's liquidated damages counterclaim.

> Respectfully submitted,
> BAYBUTT CONSTRUCTION COMPANY
> By its attorneys,
>
> HALL, MORSE, ANDERSON, MILLER & SPINELLA, P.C.
>
> /s/ F. P. Spinella
> Frank P. Spinella, Jr. #566836
> 14 Centre Street, P.O. Box 2289
> Concord, NH 03302-2289
> (603) 225-6655

May 11, 2005

---

[2] It is true that Baybutt's contract, like that in Peabody N.E., contained provisions for an extension of time for cause (and, indeed, Baybutt requested, but was denied, an extension of 45 days as a result of the fire pump issue.) But Peabody N.E. nevertheless held that the Town's or its agent's contribution to the delay barred liquidated damages *in their entirety* as opposed to simply justifying an extension of time. So should it be here. At least where the contractor's requested extension of time was denied – as was true both here and in Peabody N.E. -- the Court need not consider whether that extension of time would have been the contactor's sole remedy.

- 5 -

## Certificate of Service

I hereby certify that a copy of the foregoing was forwarded this date to David J. Doneski, Esquire.

_____