UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04 10608-MLW

| | |
|---|---|
| BAYBUTT CONSTRUCTION CORPORATION,<br><br>Plaintiff<br><br>v.<br><br>TOWN OF BOXFORD,<br><br>Defendant | DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

INTRODUCTION

The defendant, Town of Boxford ("Town"), submits this memorandum in opposition to the motion of the plaintiff ("Baybutt") for partial summary judgment. The Town does not contest the standard for summary judgment set forth in Baybutt's memorandum of law. As set forth below, it contends that when the record is viewed "in the light most favorable to the party opposing the motion," Stepanischen v. Merchants Dispatch Transportation Corp., 722 F.2d 922, 928 (1st Cir. 1983), and all reasonable inferences are indulged in the Town's favor, there is a genuine issue of material fact precluding the entry of summary judgment.

Baybutt rests its motion on the proposition that a delay caused in part by the Town, as owner of the construction project at issue, vitiates the Town's ability to enforce the liquidated damages clause in the parties' contract for delayed completion by Baybutt. The delay relied upon by Baybutt is that associated with correction of design deficiencies in the fire suppression system. However, the Town does not seek to recover liquidated

damages for that delay. Its claim for liquidated damages is based upon Baybutt's delay in completing other portions of the contract work. Thus, there is a genuine issue of material fact as to whether the time required for the design corrections to the fire suppression system contributed to a delay in Baybutt's performance of those other portions of the contract work.

## ARGUMENT

THE TOWN DOES NOT SEEK LIQUIDATED DAMAGES FOR THE DELAY BAYBUTT ATTRIBUTES TO THE TOWN, AND THERE IS NO BREACH OF CONTRACT BY THE TOWN PRECLUDING APPLICATION OF THE LIQUIDATED DAMAGES PROVISION IN THE PARTIES' CONTRACT TO DELAYS ATTRIBUTABLE TO BAYBUTT.

The Town has conceded that Baybutt is entitled to some extension of time on account of the fire suppression design deficiencies. Baybutt raised the matter of a time extension in its Change Order Proposal ("COP") 50. In his deposition the Town Administrator, Alan Benson, stated that during the course of the project he anticipated approval by the project architect of both "dollars and days" for COP 50. (Benson deposition, vol. I, p.46) As it has happened, the architect has not taken action on COP 50 but, as Mr. Benson also testified, the Town intends to take action, including consultation with Baybutt, to determine the length of a time extension with which Baybutt should be credited, and it is the Town's position that the amount being held by the Town for liquidated damages will be reduced by the number of days ultimately granted as a time extension. (Benson deposition, vol. I, pp. 53-54; 106)

Contrary to Baybutt's assertions, the Town submits that the delays associated with correction of the fire suppression system design did not cause or contribute to Baybutt's delay in completing other portions of the contract work. The Town's position

2

was made clear by Mr. Benson in his deposition: "I did not feel there were periods of time where work was not accomplished because of any lacking information." (vol. I, p.26) At one point, he was questioned directly on this point:

> Q. Do you feel that any time was lost by Baybutt while waiting for a response from JSA on this issue?
>
> A. On the fire pump issue?
>
> Q. That's right.
>
> A. No. That issue, . . . . [Benson deposition, vol. I, p. 88]

In response to further questions, Mr. Benson stated, "It is my impression, during that time, that Baybutt made strong efforts to not be delayed. They made efforts to get things done. The town, as the owner, helped them do that. That's why I'm having trouble answering your question. I cannot think of an instance where JSA's late response caused Baybutt to not accomplish the goal." [Benson deposition, vol. I, pp. 89-90]

Baybutt seems to suggest that any delay attributable to the fire suppression system design issues precludes the Town from assessing and recovering liquidated damages. The Town submits that this is an overbroad reading of the relevant case law from Massachusetts.

In Peabody, N.E., Inc. v. Marshfield, 426 Mass. 436, 443-444, 689 N.E. 2d 774, 780-781 (1998), the Supreme Judicial Court ruled that where the defendant town and plaintiff contractor were "independently culpable for the delay in substantial completion" and the town separately caused a further delay, liquidated damages "were improper with respect to both delays." It relied on Morgan v. Burlington, 316 Mass. 413, 55 N.E. 2d 758 (1944) and the proposition that a party who breaches a contract cannot recover liquidated damages provided for under the contract. In the present matter, the Town

denies that it breached the parties' contract and the question of whether the Town did breach is a genuine issue requiring resolution of disputed matters of material fact.

In Morgan, the court considered a situation fairly analogous to the case at bar. The defendant town contracted with the plaintiff for construction of a high school under an agreement that provided for liquidated damages to the town for each day of delay in completion of the work. The plans provided for disposal of drainage by dry wells, but following excavation it was discovered that soil conditions were not appropriate for a well system. The contract provided that in the event of such unforeseen subsurface conditions the architect was to "at once" make the necessary "changes in the plans and specifications." 316 Mass. at 416-417. There was evidence that revisions necessary for the drainage should have taken approximately two weeks yet, the revised plans were not completed for more than four months after discovery of the unsuitable conditions. The court stated that this delay in revising the plans "could be found to be a breach of contract by the defendant." 316 Mass. at 417. It was this breach that was the basis of the ruling that the town could not recover liquidated damages for the contractor's failure to finish the project by the stipulated date. "[T]he delay, not having been caused by the fault or neglect of the plaintiff, would not establish any right in the town to claim or withhold anything by way of liquidated damages." 316 Mass. at 418.

In this matter, unlike in Peabody, N.E. and Morgan, there is no breach of contract by the awarding authority to prevent application of the liquidated damages clause as proposed by the Town. The Town does not seek to impose liquidated damages for a delay that Baybutt alleges is the Town fault. Rather, the Town has disavowed any claim of entitlement to liquidated damages on account of the fire suppression system redesign

delay. As to whether the redesign issues contributed to any delay in Baybutt's performance of other required contract work, so as to preclude any liquidated damages, the testimony of the Town Administrator squarely rebuts the suggestion of any such contribution. At a minimum, however, this must be considered a genuine issue of material fact making summary judgment for Baybutt improper.

## CONCLUSION

For the foregoing reasons, the Town submits that Baybutt's motion for partial summary judgment must be denied.

TOWN OF BOXFORD<br>
By its attorney<br>
<br>
<em>/s/ David J. Doneski</em><br>
David J. Doneski (BBO#546991)<br>
Kopelman and Paige, P.C.<br>
Town Counsel<br>
31 St. James Avenue<br>
Boston, MA 02116<br>
(617) 556-0007

## CERTIFICATE OF SERVICE

I, David J. Doneski, hereby certify that on the below date, I served a copy of the foregoing Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment and Defendant's Statement of Material Facts in Dispute and Response to Plaintiff's Statement of Material Facts Not in Dispute, by first class mail, postage prepaid, to the following counsel of record:

>Frank P. Spinella, Jr., Esq.
>Hall, Morse, Anderson, Miller & Spinella, P.C.
>14 Centre Street
>P.O. Box 2289
>Concord, NH 03302-2289

_____
David J. Doneski

DATED: June 6, 2005

252942/BOXF/0059