UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAYBUTT CONSTRUCTION CORPORATION, )<br>)<br>Plaintiff, )<br>)    Civil Action 04-10608-LTS<br>v. )<br>)<br>TOWN OF BOXFORD )<br>)<br>Defendant. ) | |

MEMORANDUM AND ORDER
ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

September 8, 2005

SOROKIN, M.J.

Plaintiff moves for partial summary judgment on the defendant Town's counterclaim for liquidated damages. Essentially plaintiff contends that the Supreme Judicial Court in <u>Peabody v. Town of Marshfield</u>, 426 Mass. 436 (1998) ruled as a matter of law that where a town's breach of contract, or other action attributable to the town, caused a delay in completion of construction than the town may not recover any liquidated damages for even a wholly separate delay in completion of the construction. Defendant contends that <u>Peabody</u> does not preclude the parsing of the periods of delay such that the Town may recover for those periods of delay for which it bears no responsibility. In this case the project completed 110 days late. The Town concedes that some portion of the delay arises from issues relating to a fire suppression pump for which plaintiff does not bear responsibility, but asserts it may obtain liquidated damages for the remaining period of delay.

Despite plaintiff's effective argument, in the relevant portion of Peabody, the Court did not rule as broadly as plaintiff contends. In that case the parties disputed two periods of delay. As to the first period ending on August 30, 1991, the "plaintiff and the town . . . were independently culpable." Peabody, 426 Mass. at 444. As to the second period running from August 30, 1991 to April 23, 1992 the town's actions "single handedly caused th[is] further delay." Id. Thus, the Court rejected the town's claim for damages because it bore at least partial responsibility for the two periods. That the Court undertook a separate analysis of the two periods suggests, in fact, that the parsing the Town seeks here may well be appropriate. In any case, it does not support the motion for summary judgment filed by the plaintiff which is all that is before the court now.

In a variation of the theory behind the motion, plaintiff also argues that the Town has breached by withholding from the final payment the liquidated damage amount for the entire 110 day period while conceding that Baybutt was entitled to some period of delay without incurring any liquidated damages liability. The facts and briefing of that alleged breach are not developed sufficiently for the Court to make the findings plaintiff would require to establish a breach. And, the Town disputed at the hearing that it breached.

For the foregoing reasons, the Plaintiff's Motion for Partial Summary Judgment (Docket #16) is DENIED.

/s/ Leo T. Sorokin
LEO T. SOROKIN
UNITED STATES MAGISTRATE JUDGE