UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
***********************************
                                   *
Baybutt Construction Corporation   *
                                   *
        v.                         *     Docket No. 04-10608-LTS
                                   *
Town of Boxford                    *
                                   *
***********************************
```

## MOTION FOR RECONSIDERATION OF RULING ON
## MOTION FOR PARTIAL SUMMARY JUDGMENT

Baybutt Construction Corporation ("Baybutt") moves the Court to reconsider its Order of September 8, 2005, denying summary judgment on the Town of Boxford's liquidated damages claim.

In this case the Town concedes that some portion of the alleged 110-day delay in substantial completion is attributable to its (or its agent's) fault with respect to the fire pump – and the question is whether the courts must parse the various causal components of delay to determine who is at fault for each, denying liquidated damages *in full* only if the Town bears at least some fault for *each* causal component. The Court reads Peabody N.E., Inc. v. Town of Marshfield, 426 Mass. 436, 689 N.E.2d 774 (1998), to suggest that "the parsing the Town seeks here may well be appropriate."

In Peabody N.E., the SJC discussed two *periods* of delay (from the targeted substantial completion date of January 27, 1991 to the actual substantial completion date of August 31, 1991, and from the actual substantial completion date of August 31, 1991 to the *claimed* substantial completion date of April 23, 1992). It affirmed factual findings

that the parties shared responsibility for the first period, and that the Town was solely responsible for the second (by wrongfully prevailing on the Project Engineer to "switch[] methodologies for determining substantial completion," 689 N.E.2d at 778). It also affirmed that the first period had several causal *components* of delay, one (rejection of the pump drawings) the fault of the Town, the others (which "occurred with several major pieces of equipment aside from the delayed procurement of the pumps," id. at 779) the fault of the contractor. But nothing in the SJC's opinion supports the conclusion that, as this Court put it, Order at 2, "the Court rejected the town's claim for damages *because* it bore at least partial responsibility for the two periods." Mining such a causal link out of Peabody N.E. not only ignores other parts of the opinion, but assigns significance to periods of time which are arbitrary. One cannot slice the onion so finely.

In our case, there is just *one period* of delay at issue: the 110 days from the target substantial completion date (September 24, 2003) to the actual substantial completion date (January 12, 2004). Like the analogous period in Peabody N.E., it is made up of several *components*, one conceded to be the fault of the Town and others (we will presume) the fault of Baybutt. The Town of Boxford, unlike the Town of Marshfield, never sought to tack on an additional capricious period of time for achieving substantial completion, thereby exacerbating a claimed "delay" for which it was solely "responsible."

To the Magistrate Judge here, this is apparently a distinction which makes a difference. With all respect, Baybutt submits that this is a distinction without a difference – and the SJC's opinion tells us why, at 689 N.E.2d at 780-81:

> As previously noted, the plaintiff and the Town in the present case were independently culpable for the delay in substantial completion **until August 30, 1991**… see 5 S.Williston, Contracts § 789 at 764 (3d Ed. 1961) ("Where both parties are at fault a party who has contributed to the breach cannot recover a sum stipulated as liquidated damages, even though performance of the contract is continued, and the other party thereafter is at fault.") (emphasis added).

This language is enough to distill the controlling rule here: where both sides contribute to the delay in achieving the *real* substantial completion date, liquidated damages are improper. The SJC's reference to a later period of *bogus* claimed delay, solely attributable to "the town's refusal to deem the project substantially complete in August, 1991," id. at 781, cannot be necessary to its decision consistently with this language. This language stands alone, and fully expresses the rule.

Baybutt is not insensitive to the potentially harsh consequences of such a rule. There will be hard cases, where the town's responsibility for delay is miniscule in comparison with the contractor's – although in truth, ours is not such a case.[1] It is up to the SJC to modify the rule to establish a materiality requirement, if it so chooses.

In the alternative, if the Court were to distill from Peabody N.E. a requirement that the town must be in breach before liquidated damages are lost – and Baybutt does not say that such a breach is strictly necessary – that breach can be found on the present record. The Town's concession that Baybutt is entitled to some of the $110,000 of liquidated damages being withheld, coupled with the fact that it has not paid this amount, can only

---

[1] Baybutt sought 45 days of additional time as a result of the fire pump issue. See Plaintiff's Statement of Material Facts at ¶ 10. That is about 40% of the 110 days of delay claimed by the Town. In Peabody N.E., the contactor's and town's split of responsibility bore a like ratio; 689 N.E. 2d at 779.

- 3 -

be a breach. Town counsel denied such a breach at yesterday's argument, explaining that it must await the upcoming deposition of the project architect before it could be in a position to write Baybutt a check – but this is belied by the record. The Town Administrator has already testified that he is <u>not</u> waiting on the project architect's input into this issue. <u>See</u> Plaintiff's Statement of Material Facts at ¶ 10, which was not contested by Defendant's Statement.

    Accordingly, the Court, on reconsideration, should rule that Baybutt is entitled to summary judgment on the Town's liquidated damages counterclaim.

        Respectfully submitted,
        BAYBUTT CONSTRUCTION COMPANY
        By its attorneys,

        HALL, MORSE, ANDERSON, MILLER &
        SPINELLA, P.C.

September 9, 2005        /s/Frank P. Spinella, Jr.
        Frank P. Spinella, Jr.
        14 Centre Street, P.O. Box 2289
        Concord, NH 03302-2289
        (603) 225-6655

**Certificate of Service**

    I hereby certify that a copy of the foregoing was forwarded this date to David J. Doneski, Esquire.

        /s/Frank P. Spinella, Jr.