UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04 10608-MLW

| | |
|---|---|
| BAYBUTT CONSTRUCTION CORPORATION,<br><br>    Plaintiff<br><br>v.<br><br>TOWN OF BOXFORD,<br><br>    Defendant | DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF RULING ON MOTION FOR PARTIAL SUMMARY JUDGMENT |

The defendant Town of Boxford ("Town") hereby opposes the motion of the plaintiff ("Baybutt") for reconsideration of the ruling denying Baybutt's motion for partial summary judgment. The Town states that the Court's ruling is consistent with the applicable law and that the motion for reconsideration neither disproves such consistency nor presents new law or reasoning requiring a change in the ruling.

I. THE PEABODY N.E. DECISION DOES NOT PRECLUDE AN OWNER'S RECOVERY OF LIQUIDATED DAMAGES FOR PERIODS OF DELAY SOLELY ATTRIBUTABLE TO THE CONTRACTOR EVEN WHERE THE OWNER IS RESPONSIBLE FOR ANOTHER PERIOD OF DELAY.

The ruling of the Supreme Judicial Court in Peabody, N.E., Inc. v. Marshfield, 426 Mass. 436, 443-444 denying liquidated damages to the defendant town was clearly based on its prior decision in Morgan v. Burlington, 316 Mass. 413 (1944). The essence of that decision with respect to liquidated damages is that a delay not caused "by the fault or neglect of the plaintiff [contractor], would not establish any right in the town to claim or withhold anything by way of liquidated damages." 316 Mass. at 418. The court

therefore held that the town's fault for the delay in question was a bar to the recovery of liquidated damages from the plaintiff on account of that same delay.

The Peabody N.E. court rested its decision on the same proposition: an owner's fault for a delay in completion will prevent it from recovering contractually imposed liquidated damages for that delay. The court's language makes it plain that it was following precisely the letter and spirit of the Morgan decision ("Liquidated damages are inappropriate here." 426 Mass. at 443) not a more sweeping rule as suggested by Baybutt (any responsibility for any delay negates recovery of liquidate damages). The citation to Williston is more in the nature of an illustration; it is not the predicate for the court's ruling.

Indeed, the court denied liquidated damages because the town bore responsibility for "both delays." 426 Mass. at 444. The court did not rule on the issue of a delay for which an owner is not responsible, because that circumstance was not before it. Thus, Baybutt's contention that nothing in the Peabody N.E. opinion supports this Court's conclusion that liquidated damages were denied *because* the town had some responsibility for each delay is belied by the unambiguous language of that opinion. The causal link Baybutt criticizes is clear; no "mining" of the Peabody N.E. opinion is required. In fact, the court clearly identifies the causal link concept when it states that the town's position regarding recovery on the contract "ignores the fact that the [trial] judge denied liquidated damages because '[the town] contributed to the delay of the project.' " (emphasis supplied)

The suggestion that this Court's decision assigns significance to periods of time that are arbitrary ignores the reality that it is quite possible to find, within a delay that is

measured from a contractually required completion date and an actual completion date, distinct spans of days comprising the overall delay, and therefore responsibility for those spans. The one dimensional view that there was only one period of delay in the project at issue reflects an over simplified approach to the problem. In matters such as this it will quite often be the case that, in a general sense, there is only one period of delay: required completion date to actual completion date. However, the analysis cannot end there. Many factors can contribute to a delay, and the likelihood that the number of such factors will be greater the more complex or sizable a construction project is requires the rejection of the unified theory of delay proffered by Baybutt.

Without question, it can be possible to parse a delay to determine which party bears responsibility for the spans of days that account for the total number of delay days. As this Court has suggested such parsing would be appropriate here. The extreme examples of not following such a rule that were discussed at oral argument and which are alluded to in the motion for reconsideration prove the point. It is simply unreasonable that the law should say one day of delay attributable to the owner would negate the right to recover liquidated damages when 999 days of the delay are the fault of the contractor. Despite Baybutt's argument, the Supreme Judicial Court has not laid down such a draconian principle and neither should this Court.

II.     THE CURRENT RECORD DOES NOT PERMIT A FINDING ON BAYBUTT'S ALLEGATION THAT LACK OF PAYMENT BY THE TOWN CONSTITUTES A BREACH VITIATING THE TOWN'S RIGHT TO LIQUIDATED DAMAGES.

The Town denies any breach that would preclude it from assessing liquidated damages. The breach of non-payment that Baybutt suggests to the Court was first raised at oral argument and then repeated in the motion for reconsideration. However, as the

Court observed in its Memorandum and Order the record is simply not developed enough on this point to permit the findings necessary to establish a breach.

For the foregoing reasons, the motion for reconsideration should be denied.

TOWN OF BOXFORD
By its attorney

/s/David J. Doneski
David J. Doneski (BBO#546991)
Kopelman and Paige, P.C.
 Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

## CERTIFICATE OF SERVICE

I, David J. Doneski, hereby certify that on the below date, I served a copy of the foregoing Opposition to Plaintiff's Motion for Reconsideration, by electronic mail and first class mail, postage prepaid, to the following counsel of record:

> Frank P. Spinella, Jr., Esq.
> Hall, Morse, Anderson, Miller & Spinella, P.C.
> 14 Centre Street
> P.O. Box 2289
> Concord, NH  03302-2289
>
> /s/David J. Doneski
> David J. Doneski

DATED: October 28, 2005

264983/BOXF/0059